Lu v. Lynch

BIA
Poczter, IJ
A205 883 172

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

AIHONG LU,
> *Petitioner,*

v.                                        **15-884**
                                          **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Kohsei
                         Ugumori, Senior Litigation Counsel;
                         Jesse Lloyd Busen, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aihong Lu, a native and citizen of the People's Republic of China, seeks review of a March 9, 2015 decision of the BIA affirming an August 12, 2013, decision of an Immigration Judge ("IJ") denying Lu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aihong Lu,* No. A205 883 172 (B.I.A. Mar. 9, 2015), *aff'g* No. A205 883 172 (Immig. Ct. N.Y. City Aug. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wanghuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Lu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's

2

statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

The IJ reasonably relied on the discrepancies among Lu's testimony, passport, and medical reports. 8 U.S.C. § 1158(b)(1)(B)(iii). Lu testified that she visited her injured son on December 9, 2009, the day after he was first hospitalized. Her passport contradicted this testimony; it showed she was not in China at any point between her son's injury and his second hospitalization on December 20, 2009. Lu's testimony did not resolve the discrepancy. She testified that she could not remember when she returned to China, but that does not explain why she initially said she was with her son on December 9, 2009, or her later statement that she was with him in the hospital at some point. The IJ was not required to credit this explanation because it conflicted with medical records showing that any hospitalization occurred in the period Lu was outside China. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). These inconsistencies undermined the basis of Lu's claim—that she wanted to have a second child because her son was severely injured—as well as the validity of the medical

records showing her son's hospitalization. *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Considering the above inconsistencies, the "totality of the circumstances" supports the IJ's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispostive because Lu's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4